## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>      v.<br><br>CODY T. TITUS,<br><br>                Defendant. | Case No. 25-00244-01-CR-W-RK |

## MOTION FOR DETENTION

The United States of America, by R. Matthew Price, United States Attorney, and the undersigned Assistant United States Attorney, both for the Western District of Missouri, moves the court to hold a hearing pursuant to 18 U.S.C. § 3142(f), for the purpose of demonstrating that no condition or combination of conditions of release will reasonably assure the safety of other persons and the community if defendant is granted bond, nor will any conditions secure defendant's appearance, and that therefore the defendant should be detained.

## SUPPORTING SUGGESTIONS

      1.      Subsection 3142(f), Title 18, United States Code, provides that a hearing must be held by the appropriate judicial officer to determine whether any condition or combination of conditions will reasonably assure the defendant's appearance and the safety of any other person in the community if the attorney for the Government moves for such a hearing and if the case is in any one of the following categories:

            A.      The case involves a crime of violence, a term defined at Title 18 Section 3156 to include either:

                  1.      an offense that has as an element of the use, attempted use, or threatened use of physical force against the person or property of another;

                  2.      any other offense that is a felony and by its nature involves a

substantial risk that physical force against the person or property of another may be used in the course of its commission; or

      3.      **any felony under chapter . . .110 [18 U.S.C. §§ 2251 through 2260]** or 117 [18 U.S.C. §§ 2421 through 2428 ] . . ."

    B.    The case involves an offense where the maximum sentence is life imprisonment or death.

    C.    The case is a narcotics case under Title 21, United States Code, for which imprisonment for ten years or more is prescribed.

    D.    Any felony, even a non-violent felony not involving drugs, if the person already has two or more convictions for a crime of violence, a crime punishable by life imprisonment, or a ten-year drug felony.

    E.    **Any felony that is not otherwise a crime of violence that involves a minor victim**.

    2.    The statute recognizes two additional situations which allow for a detention hearing, and which can be raised either by the attorney for the Government or by a judicial officer. These conditions are:

    A.    When there is a serious risk that the defendant will flee; or

    B.    When there is a serious risk that the person will "obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate a prospective witness or juror."

    3.    As set out in bold above, one or more grounds for pretrial detention and a pretrial detention hearing as set forth by the statute exists in the above cause, to wit: the defendant is charged with a violation of Chapter 110, that is 18 U.S.C. § 2252(a)(4), and the case involves minor victims.

**A.**    <u>**The Defendant is Charged with a Crime of Violence**</u>

There is probable cause to believe that the defendant committed the offense of Attempted Access with Intent to View Child Pornography, in violation of 18 U.S.C. §§ 2252(a)(4) and (b)(2), which is a crime of violence as defined by 18 U.S.C. § 3156(a)(4)(C) and referred to in 18 U.S.C. § 3142(f)(1)(A).

**B.     The Defendant is a Danger to the Community**

The investigation of this offense has uncovered evidence that the defendant is a danger to the community, and specifically a danger to minors. Such evidence includes the following: the defendant, while on probation and required to register as a sex offender, accessed with intent to view child pornography over the internet on his personal computer on several occasions.

## BACKGROUND OF THE INVESTIGATION

4.     The defendant was identified during a nation-wide child sexual abuse materials (CSAM) trafficking investigation as purchasing child pornography via an on-line payment platform. Evidence obtained from the payment platform confirmed that an account, later identified as belonging to the defendant, purchased child pornography files on several occasions. The dollar amounts and dates of the purchases are listed below:

- o   $41 paid out on 11-19-2023 to account "Beast"
- o   $90 paid out on 09-02-2023 to account "Assassin"
- o   $108 paid out on 06-25-2023 to account "Angel"
- o   $65 paid out on 03-23-2023 to account "Bomen"
- o   $36 paid out on 11-22-2022 to account "Joshua Buzz"
- o   $35 paid out on 11-02-2022 to account "Kellie Borowski"

5.     A search warrant was obtained for the defendant's residence and executed on September 5, 2024. The defendant's personal computer was recovered during the execution of the search warrant and although no child pornography was located on the device, a forensic examination located artifacts on his computer identifying titles of CSAM files purchased from on-line sellers.

6. The defendant was interviewed and admitted to purchasing links to view CSAM materials and admitted that the images were of children engaging in sexually explicit conduct.

## C. The Defendant is a Potential Flight Risk

The defendant is a potential flight risk because he is aware of the extensive potential punishment awaiting him upon conviction. Attempted Access with Intent to View Child Pornography is punishable by up to 20 years imprisonment.

## D. Conclusion

The defendant has engaged in a crime of violence and is a risk to the community at large, especially to minors. The defendant is aware of the significant statutory range of punishment the charge carries. The potential punishment maximizes the defendant's risk of flight.

WHEREFORE, the Government respectfully requests that this Honorable Court set a detention hearing to demonstrate that no condition or combination of conditions will reasonably assure the safety of the community or diminish the defendant's risk of flight. The Government further requests that the court thereafter detain defendant without bail.

    Respectfully submitted,

    R. Matthew Price
    United States Attorney

By    */s/Teresa A. Moore*

    Teresa A. Moore
    Assistant United States Attorney
    Special Victims Unit
    Charles Evans Whittaker Courthouse
    400 East Ninth Street, Suite 5510
    Kansas City, Missouri 64106
    Telephone: (816) 426-3122

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a copy of the foregoing was delivered on August 19, 2025, to the CM-ECF system of the United States District Court for the Western District of Missouri, and a copy of the foregoing will be hand-delivered to the defendant at his first appearance before a judicial officer.

                                                  */s/Teresa A. Moore*
                                                  Teresa A. Moore
                                                  Assistant United States Attorney